**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-00194-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

PIROUZ SEDAGHATY,

    Applicant,

v.

RENE GARCIA, Warden,

    Respondent.

---

**ORDER DIRECTING APPLICANT TO CURE DEFICIENCY**

---

    Applicant, Pirouz Sedaghaty, has filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), and has paid the $5.00 filing fee.  *Id.* Because Mr. Sedaghaty has not signed the application, which is signed instead by Summer Rife, his purported power of attorney, the court construes the application liberally as being filed by Ms. Rife as "next friend" to Mr. Sedaghaty.  *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf").

    However, Ms. Rife may not sign the application on behalf of Mr. Sedaghaty.  *See* Local Rule 11.1A. and B. of the Local Rules of Practice for this court.  ("Only pro se individual parties and members of this court's bar may appear or sign pleadings.  The responsibility for signing pleadings . . . shall not be delegated.")

    As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has

determined that the application is deficient as described in this order.  Applicant will be directed to cure the following if he wishes to pursue any claims in this court in this action.  Any papers that Applicant files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  __  is not submitted
(2)  __  is missing affidavit
(3)  __  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  __  is missing certificate showing current balance in prison account
(5)  __  is missing required financial information
(6)  __  is missing an original signature by the prisoner
(7)  __  is not on proper form (must use the court's current form)
(8)  __  names in caption do not match names in caption of complaint, petition or habeas application
(9)  __  other:

**Complaint, Petition or Application**:
(10) __  is not submitted
(11) _X_  is not on proper form (must use the court's current form)
(12) _X_  is missing an original signature by the prisoner
(13) __  is missing page nos. __
(14) __  uses et al. instead of listing all parties in caption
(15) __  names in caption do not match names in text
(16) __  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) _X_  other: <u>The only proper Respondent is Applicant's custodian.  Applicant also has named Charles E. Samuels as a Respondent, but has not included him in the caption to the application.</u>

In addition to these deficiencies, the court notes that Ms. Rife fails to establish that she has standing to proceed in this action on behalf of Applicant.  Standing under § 2242 is not granted automatically to everyone seeking to proceed on another's behalf. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  The Supreme Court has identified two requirements that must be met to have standing to litigate a habeas corpus action on behalf of another person under § 2242.  *Id.*  These requirements are:

> First, a "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.

*Id.* In addition to these two prerequisites, it has been suggested that a "next friend" must have some significant relationship with the real party in interest. *Id.* at 163-64.

Ms. Rife fails to demonstrate that Applicant is unable to appear on his own behalf to prosecute this action or that she is truly dedicated to his best interests. Ms. Rife also fails to explain the nature of her relationship with Applicant. Furthermore, Ms. Rife may not act as Applicant's next friend unless she is represented by counsel. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) (holding that a minor child cannot bring suit through a parent acting as next friend unless the parent is represented by counsel). As a result, Ms. Rife will be ordered to show cause why she should be allowed to prosecute this action as Applicant's next friend.

Accordingly, it is

ORDERED that Applicant, Pirouz Sedaghaty, cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the clerk of the court mail copies of this order both to Applicant at the Federal Correctional Institution, 9595 West Quincy Avenue, Littleton, CO 80123, and to Summer Rife at 818 Southwest Third Street, Portland, OR 97204, the address provided in the durable power of attorney attached to the application (ECF No. 1 at 38). It is

FURTHER ORDERED that Applicant shall obtain the court-approved form for

filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that Ms. Rife show cause in writing **within thirty (30) days from the date of this order** why she should be allowed to prosecute this action as Applicant's next friend.  It is

FURTHER ORDERED that, if Applicant fails to cure the designated deficiencies as directed **within thirty (30) days from the date of this order**, the application will be denied and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED February 5, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge